UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN DOE,<br>    Plaintiff,<br><br>v.<br><br>BRANDEIS UNIVERSITY, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 19-11049-LTS |

ORDER

May 15, 2019

SOROKIN, J.

Plaintiff, an individual seeking to proceed under the pseudonym "John Doe," filed a complaint seeking equitable and monetary relief. Doc. No. 1. Plaintiff also filed motions for leave to proceed in forma pauperis and to proceed under a pseudonym. Doc. Nos. 2, 4.

The complaint names Brandeis University ("Brandeis") and the Commonwealth of Massachusetts as defendants and asserts claims for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX") (Counts I, II); civil conspiracy (Count III); violation of the Sixth Amendment to the United States Constitution (Count IV); breach of contract (Count V); breach of covenant of good faith and fair dealing (Count VI); violations of the Fourth and Fifteenth Amendments to the United States Constitution (Count VII); estoppel and reliance (Count VIII); negligence (Count IX); defamation (Count X); invasion of privacy (Count XI); intentional infliction of emotional distress (Count XII); negligent infliction of emotional distress (Count XIII); and declaratory judgment (Count XIV).

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion for leave to proceed in forma pauperis is granted.

2. Plaintiff's motion for permission to proceed under a pseudonym, Doc. No. 2, is conditionally allowed to the extent that plaintiff seeks to use a pseudonym on the public docket. "It is within the Court's discretion to allow a plaintiff to proceed pseudonymously." Doe v. Bell Atl. Bus. Sys. Servs., Inc., 162 F.R.D. 418, 420 (D. Mass. 1995). The events alleged in plaintiff's complaint plausibly suggest that he could face "social stigmatization," id., from the public disclosure of his name and identity. However, plaintiff is cautioned that defendants are entitled to know his name and identity despite his use of a pseudonym on the public docket. **Accordingly, plaintiff shall file his true name and address under seal within 21 days of this Order.** Plaintiff is further cautioned that his use of a pseudonym does not relieve plaintiff of the duty to serve the defendants in accordance with Fed. R. Civ. P. 4. Any document which contains plaintiff's true name must be filed under seal. The conditional allowance of this motion is subject to future reconsideration of the issue upon motion of any party or by the court sua sponte.

3. Plaintiff brings several causes of action against the Commonwealth of Massachusetts, seeking both money damages and an order that the Commonwealth dismiss its pending criminal case against plaintiff. "As a general matter the several states are immune under the Eleventh Amendment from private suit in the federal courts, absent their consent." Greenless v. Almond, 277 F.3d 601, 606 (1st Cir. 2002). Although the Massachusetts Tort Claims Act, Mass. Gen. Laws, ch. 258, § 2, waives the state's sovereign immunity for certain tort claims for money damages, it does not include consent to be sued in the federal courts. See Irwin v. Comm'r of Dep't of Youth Servs., 448 N.E.2d 721, 727 (Mass. 1983). In addition, this Court also must abstain from hearing cases that seeks the injunction of ongoing state criminal proceedings, which trigger Younger abstention. See Sirva Relocation, LLC v. Richie, 794 F.3d 185, 191 (1st Cir. 2015). All of plaintiff's claims against the Commonwealth seek either money damages or

injunctive relief that would, on the facts alleged in the complaint, interfere with an ongoing state criminal proceeding. Accordingly, because this Court lacks subject matter jurisdiction to hear them, Plaintiff's claims against the Commonwealth are DISMISSED without prejudice.

3. Only after plaintiff has filed his true name as described above, the Clerk shall issue summonses for service of the complaint only on Brandeis and shall send the summons, a copy of the complaint, and this Order to the plaintiff, who must serve the remaining defendant with these documents in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals Service shall serve the above-referenced documents and this Order upon the remaining defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. It is plaintiff's responsibility to provide the United States Marshals Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

      SO ORDERED.

      /s/ Leo T. Sorokin
      Leo T. Sorokin
      United States District Judge