UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
JOHN DOE )
    Plaintiff, )
)
v. )   Civil No. 19-11049-LTS
)
BRANDEIS UNIVERSITY, et al., )
    Defendants. )
)

MEMORANDUM AND ORDER

June 26, 2019

SOROKIN, J.

  Now before the court is the pro se plaintiff's amended complaint. For the reasons set forth below, summons will not issue for service of the amended complaint on defendants Flynn and Storms and the new claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.    BACKGROUND

  Plaintiff initiated this action on May 6, 2019, by filing a complaint naming as defendants Brandeis University and the Commonwealth of Massachusetts. Doc. No. 1. By Order dated May 15, 2019, plaintiff was permitted to proceed in forma pauperis and under the pseudonym "John Doe." Doc. No. 7. The claims against the Commonwealth were dismissed. Id.

  On May 22, 2019, summons issued for service of the complaint on Brandeis University. Doc. No. 12. On June 4, 2019, plaintiff filed an amended complaint. Pl. Amended Complaint ("Am. Compl."), Doc. No. 14.

  On June 13, 2019, the summons was returned executed. Doc. No. 15. Brandeis University's Answer is due on July 5, 2019. *Id.*

II.     SCREENING OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff is entitled to amend his complaint without leave of the court pursuant to Federal Rule of Civil Procedure 15(a)(1).  Because plaintiff is proceeding in forma pauperis, the amended complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) authorizes federal courts to dismiss a complaint sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C.  § 1915(e)(2); see Neitzke v. Williams, 490 U.S. 319, 325-327 (1989) (summary dismissal appropriate when the "claim is based on an indisputably meritless legal theory" or "lacks an arguable basis either in law or in fact.").

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "'plausible on its face."  Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. at 678 (quotation marks omitted)).  The allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy.  Iqbal, 556 U.S. at 678.  Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. *Iqbal*, 556 U.S. at 678. See also Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 12 (1st Cir. 2011).

In conducting this review, the Court liberally construes the amended complaint because the plaintiff is proceeding pro se. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

III.   DISCUSSION

In addition to asserting claims against Brandeis University, the amended complaint names as defendants a state court judge, in his individual capacity, and a former assistant district attorney. As to these two defendants, plaintiff alleges that they violated plaintiff's constitutional rights and he also asserts claims of defamation and intentional infliction of emotional distress. The claims in the amended complaint against Brandeis University remain the same.

In the amended complaint, plaintiff contends that the state court proceedings were fundamentally unfair and that he was arraigned before Judge Flynn without the presence of his assigned public defender. Am. Compl. at ¶ 188. Plaintiff again complains that after having retained private counsel, the University disregarded plaintiff's protections under the Fifth Amendment and proceeded with its informal Special Examiner's Process. Id. at ¶ 191. Plaintiff alleges that the University conspired with the assistant district attorney by leaking the findings to the assistant district attorney for use in the criminal prosecution of plaintiff. Id.

To the extent that the plaintiff sues the judge in his individual capacity, the Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. See Nixon v. Fitzgerald, 457 U.S. 731, 745–46 (1982). "[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F. 3d 611, 616 (1st Cir. 2019) (citing Goldstein v. Galvin, 719 F.3d 16, 25 (1st Cir. 2013)). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12

(1991). Allegations of bad faith or malice do not overcome judicial immunity. Id. at 11. Because plaintiff has not alleged that the judge acted without jurisdiction, and the allegations in the amended complaint are based solely on acts or omissions in his role as a judge, the judge is absolutely immune from any claims against him for monetary damages. See Nixon, 457 U.S. at 745–46.

Similarly, the claims against (former) assistant district attorney ("ADA") Storms are barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976). The doctrine of absolute prosecutorial immunity protects any prosecutorial "actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler, 424 U.S. at 430). "The protections of absolute immunity, moreover, extend to actions that occur prior to a formal court proceeding and outside of a courtroom." Miller v. City of Boston, 297 F. Supp. 2d 361, 370 (D. Mass. 2003). Plaintiff's allegations concerning defendant Storms involve conduct within the scope of his prosecutorial function. As such, defendant Storms is absolutely immune and the claims against him are dismissed without prejudice under 28 U.S.C. § 1915(e)(2).[1] See, e.g. Forte v. Sullivan, 935 F. 2d

---

[1] The remaining state law claims against defendants Storms and Flynn are dismissed without prejudice as well. "[A] district court has discretion to decline to exercise supplemental jurisdiction after dismissing 'all claims over which it ha[d] original jurisdiction.'" Figueroa v. Alejandro, 597 F.3d 423, 431 n. 10 (1st Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). This court, in its discretion, declines to exercise its supplemental jurisdiction over the remaining state law claims. See Hoostein v. Mental Health Ass'n (MHA), Inc., 98 F. Supp. 3d 293, 298-99 (D. Mass. 2015) (citing Meuse v. Pane, 322 F.Supp.2d 36, 39 (D.Mass.2004) ("Having dismissed Meuse's federal claims against Fox, this Court declines to exercise supplemental jurisdiction over his state law claims against Fox.")).

1 (1st Cir. 1991) (unless claim based on an indisputably meritless legal theory or factual allegations that are clearly baseless, an indigent pro se plaintiff should be given notice and an opportunity to amend before dismissing with prejudice).

To the extent the plaintiff alleges the University and ADA Storms conspired to "leak" information, plaintiff must provide more than a label or a conclusion that they conspired. Twombly, 550 U.S. at 555.  An agreement to violate a plaintiff's constitutional rights must be shown by sufficient facts to suggest an agreement was made.  Id. at 556.  "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality.... [The allegations] must be placed in the context that raises the suggestion of a preceding agreement...." Id. at 557.  Plaintiff failed to allege sufficient facts to state a claim for conspiracy and the claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Finally, to the extent the criminal and/or civil proceedings are ongoing, this court should decline to exercise jurisdiction while state proceedings are pending pursuant to the Younger doctrine.  See Younger v. Harris, 401 U.S. 37 (1971).

IV.     CONCLUSION

Accordingly, it is hereby ORDERED:

1.      Summons will not issue for service of the amended complaint on defendants Flynn and Storms and the new claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.      Plaintiff's original complaint remains the operative pleading and Brandeis

University has until July 5, 2019 to answer the original complaint.

                                                 SO ORDERED.

                                                 /s/ Leo T. Sorokin
                                                Leo T. Sorokin
                                                United States District Judge