UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
JOHN DOE,                              )
    Plaintiff,                      )
                                       )
v.                                     )    Civil No. 19-11049-LTS
                                       )
BRANDEIS UNIVERSITY, et al.,           )
    Defendants.                     )
                                       )

## ORDER ON MOTION TO REQUIRE PLAINTIFF PROCEED UNDER TRUE NAME
(DOC. NO. 29)

September 18, 2019

SOROKIN, D.J.

On May 6, 2019, Plaintiff filed a complaint asserting various claims and seeking equitable and monetary relief against Brandeis University and the Commonwealth of Massachusetts.[1] Among other claims, the Complaint asserts claims for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. (Counts I, II), violation of several Amendments to the United States Constitution (Counts IV, VII), and claims for civil conspiracy (Count III), defamation (Count X), invasion of privacy (Count XI), and intentional and negligent infliction of emotional distress (Counts XII, XIII). Doc. No. 1.

On the same day, Plaintiff also moved for permission to proceed under the pseudonym "John Doe" on the grounds that he would suffer reputational harm and social stigmatization from the public disclosure of his name and identity. Doc. No. 2. On May 15, 2019, the Court conditionally granted Plaintiff's motion "to the extent that plaintiff seeks to use a pseudonym on the public docket," but "cautioned that defendants are entitled to know his name and identity" and

---

[1] The Court dismissed Plaintiff's claims against the Commonwealth without prejudice. Doc. No. 7 at 3.

ordered Plaintiff to file his true name and address under seal within 21 days, Doc. No. 7 at 2[2], which the Plaintiff did, Doc. No. 11; Doc. No. 13. The Court also noted that "[t]he conditional allowance of this motion is subject to future reconsideration of the issue upon motion of any party or by the court sua sponte." Doc. No. 7 at 2.

On August 6, 2019, Brandeis moved to require plaintiff to proceed under his true name. Doc. No. 29. Plaintiff did not file an opposition but was given the opportunity to respond to Brandeis's motion at the scheduling conference on September 16, 2019. After reviewing the Parties' submissions and the arguments they made during the scheduling conference, the Court ALLOWS the Motion (Doc. No. 29).

There is a strong presumption in favor of openness in judicial proceedings. Doe v. Bell Atl. Bus. Sys. Servs., 162 F.R.D. 418, 420 (D. Mass. 1995). "In the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record." Id. at 422. This is not such an exceptional case. Plaintiff's fundamental concern is that disclosure of his identity will cause him reputational harm and social stigmatization because his claims involve allegations that relate to events which gave rise to criminal charges—specifically, charges of assault and battery on a family or household member—in which Plaintiff is the defendant. Doc. No. 3 at 11; Doc. No. 1 at ¶ 20.

As a general matter, the fear of reputational harm and social stigmatization is not a sufficient ground to allow plaintiffs to proceed anonymously. See, e.g., Bell Atlantic, 162 F.R.D. at 421 (rejecting plaintiff's request to proceed anonymously despite accepting as true her allegation that "she would suffer intense embarrassment and shame within her community" if her name were disclosed). Plaintiff does not point to any unusual or compelling circumstances that warrant

---

[2] Pincites in "Doc. No. __" citations to documents appearing on ECF, the court's electronic docketing system, are to the page numbers assigned by ECF in the header appended at the top of each page upon filing.

permitting him to proceed anonymously here. If anything, the nature of this case militates against Plaintiff's request—given that the criminal charges against him are public, his identity has already been disclosed. See Doc. No. 31 (Roberts Aff.) at ¶¶ 4-10, id. at Exhs. A-F. This effectively moots his request for anonymity. Bell Atlantic, 162 F.R.D. at 422 ("[B]ecause plaintiff's true identity was revealed in administrative proceedings, the request for anonymity is effectively moot.").

Further, the public interest in open proceedings is heightened in this case given the serious nature of Plaintiff's allegations, including that Defendant Brandeis, a private party, influenced the pending criminal case against him. See, e.g., Doc. No. 1 at ¶¶ 180-82, ¶ 184, ¶ 187.

Accordingly, the Motion (Doc. No. 29) is ALLOWED. The Clerk shall replace "John Doe" on the docket with Plaintiff's true full name and address.[3] Given the nature of this Order, the Clerk shall not take this action until after the close of business on September 25, 2019.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[3] Although the Court has to date preserved Plaintiff's anonymity, it has been brought to the Court's attention, though not by Plaintiff or Defendant, that Plaintiff's email address appears as part the listing of Plaintiff as the John Doe party on the publicly accessible docket. Presumably, the email address would, with little difficulty, lead to the discovery of Plaintiff's identity. The Court appreciates the provided information and has advised the Clerk's office of this issue so that it can be addressed. Although this issue has no bearing on the Court's ruling, given this ruling there is no harm to Doe from the listing of his email address on the publicly accessible docket.