UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAUL DISMUKES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 19-11049-LTS |
| BRANDEIS UNIVERSITY et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC. NO. 44)

October 17, 2019

SOROKIN, J.

Plaintiff Paul Dismukes moves to amend his complaint.  The proposed Second Amended Complaint, Doc. No. 44-1, spans fifty-six pages.  Apparently, it makes two changes.  First, it identifies by name the alleged victim of the assault Dismukes allegedly committed, which is the subject of criminal proceedings now pending in state court.  Second, it adds the alleged victim as a defendant in five claims.  Defendant Brandeis University opposes the motion on the ground that the claims against the alleged victim are futile.

The Motion is DENIED as to Count VII (violation of Mass. Gen. Laws ch. 272, § 3) and Count VIII (violation of Mass. Gen. Laws ch. 268, § 1).  The cited laws are criminal statutes that do not give rise to a private right of action.  Roach v. Green, Civil Action No. 14-13515-RGS, 2016 WL 1254236, at *2 (D. Mass. Mar. 29, 2016).  The Motion is also DENIED as to Count III (civil conspiracy).  The Second Amended Complaint fails to plausibly allege a conspiracy between Brandeis and the alleged victim.  Conclusory allegations are insufficient; a plaintiff

must advance some non-conclusory factual allegations that give rise to a plausible inference that the defendants engaged in a conspiracy. The Motion is DENIED as to Count IX (defamation), Count XII (defamation) and Count XIV (intentional infliction of emotional distress). These claims arise largely out of statements the alleged victim made to the police, a prosecutor, and the state court, all in the course of or preliminary to criminal proceedings. Under Massachusetts law, these statements are absolutely privileged. Jones v. Scotti, Civil Action No. 08-10583-LTS, 2011 WL 4381919, at *9 (D. Mass. Sept. 13, 2011). Finally, the Motion is DENIED as to Count XVI (declaratory judgment) both because the claim fails in the absence of any other claim against the alleged victim and the count fails to plausibly state a claim. For the foregoing reasons, Dismukes' Motion for Leave, Doc. No. 44, is DENIED.

One further point bears mention. Counts IX, XII and XIV might arguably arise from statements made in the course of Brandeis disciplinary proceedings. As the Court reads the Second Amended Complaint, these claims arise only out of the privileged statements. Whether the victim made statements in that process and, if so, whether the privilege would apply to those statements presents a more complicated question not presently presented or resolved by this ruling.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge