UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAUL DISMUKES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 19-11049-LTS |
| BRANDIES UNIVERSITY et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO COMPEL (DOC. NO. 53)

May 4, 2020

SOROKIN, J.

Plaintiff filed this pro se lawsuit on May 6, 2019. Doc. No. 1. In the ensuing months the Court resolved a motion filed by defendant Brandeis to require Plaintiff to proceed under his true name, Doc. No. 42, and multiple requests to amend the complaint filed by Plaintiff, e.g., Doc. No. 46. After the discovery conference on September 16, 2019, the Court established the discovery schedule for this case. Doc. No. 37. The Court issued a written discovery scheduling order, Doc. No. 39, requiring: the completion of initial disclosures by October 1, 2019, the service of all requests for production of documents and/or interrogatories by November 15, 2019, and the completion of all fact discovery by May 1, 2020. Id. Defendant Brandeis moved to compel, complaining that it timely served written discovery in the fall of 2019 and that Plaintiff had both failed to produce any initial disclosures or respond to its written discovery despite conferral efforts. Doc. No. 48. In addition, apparently, Plaintiff has not served any discovery requests. Id.

Plaintiff reports in his opposition to the motion to compel that he is not willfully resisting discovery, but rather he believes he requires the guidance of legal counsel before responding to any discovery.  Doc. No. 52.  To that end, he reports that he has sought representation from various lawyers as far back as May 2019 and as recently as days ago, all to no avail.  Id.  Now, he requests that the Court either appoint counsel or a "monitor" to supervise the discovery process.  Id.  The Court declines both requests.  Litigants in civil cases have no right to the appointment of counsel, Forte v. Comm'r of Corr., 134 F. Supp. 3d 654, 655 (D. Mass. 2015), and in this case the Court declines to appoint counsel.  The appointment of a monitor is also not warranted, as this case does not present an intractable, complex discovery problem or some other exceptional circumstance.  See Garcia-Rubiera v. Fortuno, 727 F.3d 102, 114 (1st Cir. 2013) (holding that a district court did not err in declining to appoint a monitor where plaintiffs did "not explain why [their] case [was] 'exceptional'").

Plaintiff must respond to the outstanding discovery.  If Plaintiff thought he needed the assistance of legal counsel which he could not afford, he should have brought that to the attention of the Court at the outset of the lawsuit and certainly no later than after his decision to decline to respond to the defendant's discovery requests without legal counsel.  What Plaintiff's conduct does demonstrate is a decision to ignore his case for a substantial period of time and disregard the governing scheduling order of which he was well aware.

In these circumstances, the Motion to Compel is ALLOWED and, by May 19, 2020, Plaintiff shall: (1) produce his initial disclosures; (2) respond to the interrogatories served by Defendant, (3) respond to the requests for production of documents served by Defendant; (4) make his production of documents to Defendant, and (5) produce a privilege log listing any documents withheld on the ground of a privilege.  The log must list, for each document withheld,

the privilege asserted (e.g., attorney-client), the date of the document, the author of the document, the recipient(s) of the document, the date of the document and a brief description of the contents of the document sufficient to appreciate the basis for the invocation of the privilege (e.g., "letter to counsel seeking advice regarding criminal case").  The Court has considered the effect of the coronavirus pandemic on its ruling; however, most of Plaintiff's conduct at issue here occurred before the pandemic.  In addition, nothing in the nature of this case or the nature of discovery would suggest the pandemic would necessarily impair Plaintiff's compliance with the Court's Order.  Indeed, irrespective of the pandemic, the Court expects that Plaintiff will answer the interrogatories based on his personal knowledge and produce the documents he possesses.  If Plaintiff fails to comply with this Order, the Court may dismiss this case for failure to prosecute and/or disregard of Court orders.  The Defendant's request for attorney fees is DENIED WITHOUT PREJUDICE.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge