UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DISMUKES, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil No. 19-11049-LTS <br> ) |
| BRANDIES UNIVERSITY et al., | ) <br> ) |
| Defendants. | ) <br> ) |

ORDER ON MOTION TO APPOINT COUNSEL (DOC. NO. 55)

May 15, 2020

SOROKIN, J.

On May 6, 2019, Plaintiff Paul Dismukes, a former graduate student at Brandeis University, filed this pro se Title IX lawsuit against Brandeis arising out of an alleged disciplinary warning imposed by Brandeis. Doc. No. 1. Brandeis answered. Doc. No. 24. After a Rule 16 Conference last September, Doc. No. 40, the Court entered a Scheduling Order providing for discovery to run through October 25, 2020, with dispositive motions to be completed by November 16, 2020, Doc. No. 39. Although Defendant has met its discovery obligations, Plaintiff has not. Plaintiff has failed to make his initial disclosures or to respond to the written discovery served by Defendant. See Doc. No. 53. In response to a motion to compel, the Court further extended the time for Plaintiff to respond but warned him of the consequences of failing to participate in the discovery process. Id.

Now, Plaintiff requests the Court to appoint counsel. Doc. No. 55. This is Plaintiff's second request for counsel, see Doc. No. 52, and, like his first request, it comes late in the process of this case. As the Court noted in addressing Plaintiff's first request, Plaintiff has no constitutional

right to counsel paid for at public expense in this case. See Doc. No. 53 at 2 (citing Forte v. Comm'r of Corr., 134 F. Supp. 3d 654, 655 (D. Mass. 2015) ("There is no constitutional right to counsel in civil cases."). That said, a party proceeding in forma pauperis, as Plaintiff is doing, may seek appointment of counsel in accordance with 28 U.S.C. § 1915(e)(1).

"In order to qualify for appointment of counsel under Section 1915(e)(1), a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Id. (internal quotation marks and citation omitted). "There are several factors that demonstrate 'exceptional circumstances', including: 'the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case.'" Id. (quoting Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (per curiam)).

No such exceptional circumstances are present here. Plaintiff is a well-educated individual—according to his pleadings he was enrolled in a Ph.D. Program, Doc. No. 1 ¶ 1—which is reflected in the well-argued motion for counsel he filed, see Doc. No. 55. Plaintiff has not demonstrated that the factual and legal issues in this case of such complexity as to constitute exceptional circumstances. Therefore, the Motion for Appointment of Counsel (Doc. No. 54) is DENIED.

However, given Plaintiff's motion, the Court: (1) extends the time from May 19, 2020 to June 1, 2020 for Plaintiff to respond to Defendant's pending discovery requests in accordance with the Court's prior discovery Order (Doc. No. 53); (2) continues the May 28, 2020 status conference to June 8, 2020 at 4:00 p.m., and (3) will inquire with the Clerk's Office whether any law firms express an interest in this case to the Clerk's office. Nothing in this Order relieves Plaintiff of the

obligations to prosecute his case or to comply with the Court's previously issued discovery Order (Doc. No. 53) as revised only as to the dates by this Order.

                                                SO ORDERED.

                                        /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                          United States District Judge