UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DISMUKES,<br><br>    Plaintiff<br><br>    v.<br><br>BRANDEIS UNIVERSITY,<br><br>    Defendant | C.A. No. 1:19-cv-11049-LTS |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DENY OR DEFER RULING ON SUMMARY JUDGMENT

### INTRODUCTION

Over nineteen months ago, Plaintiff Paul Dismukes ("Plaintiff") filed a prolix complaint against Defendant Brandeis University ("Defendant" or the "University").  Since then, he has done next to nothing to prosecute this case.  He failed to provide the required initial disclosures to the University, until ordered to do so by the Court.  He refused to respond to the University's discovery requests for many months, forcing the University to file a successful motion to compel.  He failed to serve any written discovery requests by the deadline initially established by the Court, only doing so after receiving an eight-month extension from the Court.  He did not conduct any depositions.

While Plaintiff was inattentive to his obligations and this case, the University diligently moved the matter towards a motion for summary judgment.  The University timely served written discovery requests upon Plaintiff.  The University provided comprehensive document production and interrogatory answers in response to Plaintiff's belated requests, while also asserting appropriate objections that were never challenged by Plaintiff.  The University conducted the Plaintiff's deposition.  After assembling the undisputed information demonstrating

the baselessness of Plaintiff's claims, the University filed its motion for summary judgment, which Plaintiff met with a 58-page opposition.

Once the parties' summary judgment briefing was completed, the Court directed them to submit a combined statement of undisputed facts in accordance with the Court's standing order, which required Plaintiff to either admit or dispute each fact cited by the University, and if disputed, to provide citations to record evidence showing the dispute. ECF No. 78. Plaintiff refused to comply with the Court's directive and instead filed a motion (ECF No. 80) asking the Court to "deny or defer" ruling on the University's motion for summary judgment ("Plaintiff's Motion"). In his Motion, Plaintiff announced that "limiting" his response to the statement of undisputed facts "to what can be properly cited to record evidence is inherently flawed." Plaintiff's Motion, p. 3. Plaintiff invoked Federal Rule of Civil Procedure 56(d) and requested that the Court "allow time to obtain additional discovery," while giving no hint as to what information might enable him to forestall the entry of summary judgment. *Id.*

Because Plaintiff's lackadaisical approach to this case is well-established, and because he has identified no material facts to be adduced through additional discovery, he should not be allowed to embrace the protections of Rule 56(d) and send this case back to the proverbial drawing board, long after the deadlines for discovery and discovery-related motions have expired. For these reasons and those set forth below, the Court should deny Plaintiff's Motion.

## **PROCEDURAL BACKGROUND**

On November 15, 2019, Defendant served written discovery requests upon the Plaintiff in accordance with the Court's initial Scheduling Orders. ECF Nos. 37, 39. Although the discovery deadline set forth in the Scheduling Orders was clear, Plaintiff did not timely serve any discovery requests upon the University, nor did he respond to the University's discovery requests for months on end, which spurred the University to file a motion to compel. ECF Nos. 48, 49.

The Court allowed the University's motion to compel while observing that Plaintiff's conduct reflected "a decision to ignore his case for a substantial period of time and disregard the governing schedule of which he was well aware." ECF No. 53.

On June 9, 2020, the parties appeared before the Court for a conference to discuss the status of discovery and dispositive motion practice. The Court questioned the parties about their plans for depositions; the University's counsel reported that he intended to take only Plaintiff's deposition, and Plaintiff reported that he did not intend to take any depositions. Although the deadline for the service of written discovery had expired seven months earlier, the Court allowed Plaintiff until June 23, 2020 to serve written discovery requests upon the University. ECF No. 62. The Court advised Plaintiff that if he had concerns about the sufficiency of the University's responses, he should address them with the University's counsel, and that any unresolved issues would have to be presented to the Court in a timely motion to compel. Importantly, the Court stated that "[a]ny motion to compel *must be filed within 14 days after receipt of the [Defendant's] response*." *Id.* (emphasis added).

On June 18, 2020, Plaintiff served interrogatories and document requests upon the University, and the University promptly began assembling responsive information and documents, a challenging exercise during a pandemic. Recognizing that additional time was needed to respond to Plaintiff's discovery requests, the University's counsel, with Plaintiff's assent, filed a motion seeking a 30-day extension to respond. ECF No. 63. The Court granted the University's motion. ECF No. 64.[1] On August 20, 2020, the University provided its responses to Plaintiff's written discovery requests and produced over 1000 pages of documents.[2]

---

[1] The 30-day extension granted to the University was a fraction of the nearly 7-month extension that Plaintiff unilaterally granted himself for responding to Defendant's written discovery requests.
[2] On August 31, 2020, the University conducted and completed Plaintiff's deposition in accordance with the Court's scheduling order. *Id.*

3

On September 23, 2020, over a month later and almost three weeks after the expiration of the deadline for filing any motion to compel, Plaintiff sent an email to the University's counsel with the subject line "Rule 37 Requirement." In the email, Plaintiff stated:

> After reviewing the documents you sent to me as part of my first document request, I do not (sic) the following documents:
> 1. [EO's] election of the informal Title IX investigation and original CSR
> 2. Dana Kelley's communication to Linda Moeschner at the Waltham Police Department
> 3. Paula Slowe's communication to the Title IX staff regarding my attorney representation
> 4. Ron Liebowitz's communication to the Title IX staff after my March 2017 email communication
> I kindly ask that you provide these documents as soon as possible.

Exhibit A hereto, p. 2.

The next morning, the University's counsel responded to Plaintiff's email.[3] The email from the University's counsel stated:

> The College has already produced any responsive documents regarding the below requests.
>
> In the subject line of your email, you reference Rule 37, which suggests that you may be contemplating a motion to compel. Leaving aside that there is no substantive basis to file a motion to compel for the reason state above (i.e., the College has already fully responded), I remind you that any such motion is procedurally barred. Specifically, the College responded to your discovery requests on August 20, and the Court's June 9, 2020 Order explicitly directed that "[a]ny motion to compel must be filed with[in] 14 days after receipt of the [College's] response." Under the Court's order, which permitted your belated filing of written discovery under certain restrictions, the deadline for any motion to compel expired three weeks ago on September 3.
>
> The next operative deadline relates to the filing of the College's Motion for Summary Judgment, which we are currently preparing.
>
> If you have any questions, please let me know.

Id. at p. 1. The University's counsel heard nothing further from Plaintiff.

---

[3]   Plaintiff asserts that the University's counsel "was nonresponsive to his inquiry into the excluded discovery materials and responses." Plaintiff's Motion, p. 2. That contention is demonstrably untrue. In fact, Plaintiff sent his email at 8:19 p.m. on September 23, 2020, and the University's counsel responded the following day at 11:50 a.m., barely 14 hours later. Exhibit A hereto.

On November 16, 2020, the University filed its Motion for Summary Judgment, along with a supporting memorandum of law, statement of undisputed facts, and supporting affidavits. ECF Nos. 68, 69, 70, 71, 72.  Plaintiff then filed a 58-page opposition to Defendant's motion (ECF No. 75), the University filed its reply (ECF No. 76), and all briefing on the summary judgment motion was complete by December 15, 2020.

The following day, the Court directed the parties to file a unified statement of materials facts in accordance with the Court's Standing Order Regarding Briefing of Summary Judgment Motions by December 30, 2020.  ECF No. 78.  The University's counsel promptly reached out to Plaintiff via email on December 16 and 18, 2020 seeking his cooperation in preparing the required submission, but Plaintiff did not respond.  Exhibit B hereto, p. 1. After five days of silence, Plaintiff sent an email to the University's counsel, stating:

> I am not going to join you on this combined statement.  Instead, I will file a motion this week in order to preserve additional issues for appeal.

*Id*.  The University's counsel immediately responded:

> The Court has ordered the parties to prepare this statement jointly, and I respectfully ask you to comply with that directive.
>
> I do not understand what motion you would intend to file to avoid this obligation, but *I remind you that you are required to discuss any motion with me before filing it so that we can narrow any issues in good faith*.  If you plan to file a motion, please call me to discuss it.

*Id.* (emphasis added).

On December 23, 2020, without conferring with the University's counsel, Plaintiff filed a Motion to Deny or Defer Ruling on Summary Judgment "pending additional discovery under Federal Rule of Civil Procedure 56(d)."  ECF No. 80.

5

## ARGUMENT

**A.    Because Plaintiff Has Failed to Pursue Discovery or Otherwise Prosecute This Action in A Diligent Matter, He Is Not Entitled to Relief Under Rule 56(d).**

Relief under Rule 56(d) is justified only when a party can show, ordinarily by affidavit, that it has not had a fair opportunity to conduct necessary discovery.[4] *See Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 28 (1st Cir. 2013); *see also Hicks v. Johnson*, 755 F. 3d 738, 743 (1st Cir. 2014) ("Rule 56(d) relief is not to be granted as a matter of course"). The purpose of the rule is to prevent "railroading" the non-moving party through a premature motion for summary judgment.[5] *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986). Here, Plaintiff had ample opportunity to conduct discovery; he squandered opportunities to conduct further discovery by declining to take a single deposition, and he failed to avail himself of remedies for addressing any perceived shortcomings in the University's written discovery responses in accordance with the Court's directives.[6] As the Court has previously observed, Plaintiff made "a decision to ignore his case for a substantial period of time and disregard the governing schedule of which he was well aware." ECF No. 53. Despite this admonition, Plaintiff's dilatoriness persisted, and it should not be indulged. *See Resolution Trust Corp. v. N. Bridge Assocs., Inc.*, 22 F. 3d 1198, 1203 (1st Cir. 1994) (Rule 56(d)'s "prophylaxis" does not extend "to litigants who act lackadaisically"; the rule is "designed to minister to the vigilant, not to those who slumber upon perceptible rights"); *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 40 (1st Cir. 2004) (litigant "must have exercised 'due diligence both in pursuing

---

[4]    Although a formal affidavit is no longer required, a request for relief under Rule 56(d) must, at a minimum, include a declaration under penalty of perjury, which Plaintiff's motion does not do. *See Gordon v. Starwood Hotels and Resorts Worldwide, Inc.*, 238 F. Supp. 3d 229, 239 (D. Mass. 2017) (denying Rule 56(d) request partly on grounds that request did not include a sworn statement).
[5]    There is nothing "premature" about Defendant's summary judgment motion, which was filed more than eighteen months after the matter commenced and in accordance with the Court's pretrial schedule.

discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter'"); *Rivera-Torres v. Rey-Hernandez*, 502 F. 3d 7, 10–11 (1st Cir. 2007) ("Rule 56(f) is not designed to give relief to those who sleep upon their rights").[7]

Furthermore, relief under Rule 56(d) is only appropriate when the party requesting relief identifies facts to be sought in further discovery that are essential to its opposition and indicates how those facts "would influence the outcome of the pending summary judgment motion." *Velez*, 375 F.3d at 40; *see also Renaissance Dev. Corp. v. Buca V*, *LLC*, 146 F. Supp. 3d 261, 269 (D. Mass. 2015) (denying request for relief under Rule 56(d) where moving party failed to show how further discovery would affect court's analysis of pending motion for summary judgment). Like in *Velez*, Plaintiff's Motion does not identify specific facts he seeks in discovery, nor does it explain how that information, if discovered, would affect the outcome of the University's motion for summary judgment. Rather, Plaintiff's Motion vaguely alludes to "withheld evidence" and "essential facts," with no further detail, no reference to any of his claims, and no attempt to explain the purported value of that information, other than to speculate that it would generally buttress his opposition. Plaintiff's Motion, p. 2. This is plainly insufficient to warrant the extraordinary relief that Plaintiff seeks. *See Rivera-Torres*, 502 F. 3d at 12 (denying "wholly conclusory" motion and emphasizing that "[s]peculative conclusions, unanchored in facts, are not sufficient to ground a Rule 56(f) motion"); *C.B. Trucking , Inc. v. Waste Mgmt., Inc.*, 137 F. 3d 41, 45 (1st Cir. 1998) (affirming denial of Rule 56(f) motion where "plaintiff's speculative assertions that the defendant has unspecified facts in its possession necessary for the plaintiff to develop its legal theories coupled with conclusory statements that

---

[6]   As discussed, *supra*, the Court explained to Plaintiff that any concerns about the University's responses needed to be presented to the Court in a timely motion to compel filed with fourteen (14) days of receiving the responses. ECF No. 62. No such motion was filed.

7

discovery should be commenced are 'entirely inadequate to extract the balm of Rule 56(f)'") (quoting *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F. 2d 985, 989 (1st Cir. 1988)).[8]

Additionally, Plaintiff only raised the prospect of relief under Rule 56(d) after the Court ordered the production of a unified statement of facts, rather than upon receipt of the University's summary judgment motion, or upon filing his opposition thereto. This unexplained delay, and the fact that Plaintiff mustered a 58-plus page opposition without claiming a need for "additional discovery," further demonstrate that Plaintiff has no genuine need for further discovery and that he has not properly invoked Rule 56(d). *See Resolution Trust Corp.*, 22 F. 3d at 1204 (a party must invoke Rule 56(f) within a reasonable time following the receipt of a motion for summary judgment).

B. **Plaintiff's Challenge to Two Statements in the Statement of Undisputed Facts Is Baseless and Does Not Support His Request Under Rule 56(d).**

Although Plaintiff refused to participate in the preparation of a combined statement of facts as directed by the Court (ECF No. 78), he challenges just two of the factual statements in the Statements of Undisputed Facts (Statements 19 and 50) and baselessly accuses the University of making "misrepresentations" that "do not accurately reflect this case." Plaintiff's Motion, pp. 2–3. In fact, both statements, as well as all other assertions in the statement of undisputed facts, are supported by record evidence, chiefly Plaintiff's own deposition testimony, as shown below.

---

[7]     Rule 56(d) is formerly Rule 56(f), and the First Circuit's cases under former Rule 56(f) "remain good law vis-à-vis current Rule 56(d)." *Rivera-Almodovar*, 730 F. 3d at 28 n. 4.

[8]     Courts in this district have routinely denied requests for Rule 56(d) relief under similar circumstances. *See Gordon, supra*, 238 F. Supp. at 239 (denying relief where plaintiff did not explain why requested information was not sought before close of discovery or how such information would affect pending summary judgment motion); *Renaissance Dev. Corp., supra*, 146 F. Supp. at 269 (denying relief where opposing party failed to demonstrate how additional facts, even if discovered, would affect pending summary judgment motion); *Jackson v. Johnson & Johnson and Janssen Pharm., Inc.*, 330 F. Supp. 3d 616, 623–24 (D. Mass. 2018) (denying relief where despite deadline extensions, plaintiff failed to serve necessary discovery requests and failed to demonstrate how further discovery would influence outcome of pending summary judgment motion); *Limoli v. Delta Air Lines, Inc.*, No. 18-

**Statement 19**

*Dismukes testified that in his view, the No Contact Order was "not binding" and not "a valid instrument" because he did not sign it.*

**Dismukes's Deposition Testimony Supporting Statement 19**

Q. Okay. So is it fair to say, then, that you did not seek permission from the dean of students to attend any educational function and events [as stated in the No Contact Order]?

A. *No. What I think it's fair to say is that none of these things are signed by me, so that means I don't—I don't bind—they're not binding on me.* They can generate whatever they want to generate on a document, but as I look at the student signature and date, I don't see one. So this isn't binding on me at all.

Q. So it's your position this document [the No Contact Order] isn't binding on you?

A. *It's not binding on me unless I sign it, and I didn't sign it.* (Dismukes Dep., p. 92:1–14) (emphasis added).

****

Q. Now, on page 2 of Exhibit 34 [the Outcome Letter], there is some required educational training that you're told you need to engage in. Did you fulfill those training requirements?

A. No.

Q. And why did you not do that?

A. Because I didn't—I didn't acknowledge [the Outcome Letter] as a valid instrument. *Just like I didn't acknowledge the no contact order as a valid instrument.* (Dismukes Dep., p. 233:14–23) (emphasis added).

**Statement 50**

*Dismukes did not tell Ms. Slowe that his attorney was his advisor in the Informal Title IX Process, or that he wanted his attorney present when he met with Ms. Tillar.*

**Dismukes's Deposition Testimony Supporting Statement 50**

Q. Did you tell Paula Slowe, "My attorney is my advisor, and I want him to be there when I meet with Rebecca Tillar"?

A. No, I didn't tell Paula Slowe that.

---

CV-10561-FDS, 2019 WL 6253269, at *4 (D. Mass. Nov. 22, 2019) (denying relief where party seeking relief failed to identify what facts he expected to develop that were "essential to defeating summary judgment").

> Q. Okay. Did you tell Paula Slowe, "My attorney, Attorney Goldwyn, is my advisor in this informal investigative process"?
>
> A. No, I didn't. (Dismukes Dep., pp. 170: 23–171:7).

Further, the form and content of the questions posed to Plaintiff by the University's counsel were entirely proper and do not reflect an attempt to "tak[e] advantage of the plaintiff's *pro se* status." Plaintiff's Motion, p. 2. Although Plaintiff argues that the University's counsel asked "leading" questions during his deposition, the questions regarding the challenged statements in fact were almost entirely open-ended, not leading. In any event, there would have been nothing improper about the University's counsel asking leading questions to Plaintiff. Because Plaintiff is the adverse party, the University's counsel was permitted to ask leading questions, and properly did so on occasion. *See* Fed. R. Evid 611(c) ("Ordinarily, the court should allow leading questions . . . when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party."). *See also Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2012 WL 4342969, at *3 (S.D. Ohio Sept. 21, 2012) ("It is…axiomatic that an attorney taking the deposition of the opposing party may ask leading questions."); *McCardle v. Mitchell Sch. Dist.*, No. CIV. 03-4092-KES, 2005 WL 1118154, at *2 (D.S.D. May 11, 2005) ("Normally, leading questions may only be used for cross-examination. Fed. R. Evid. 611(c). When a party deposes the adverse party's witness, the roles for use of leading questions is reversed."). While Plaintiff may now view his answers as discomfiting because they undercut his claims, there can be no genuine dispute that the University has fairly presented his actual testimony to the Court.[9]

## CONCLUSION

For the foregoing reasons, the University requests that the Court deny Plaintiff's Motion to Deny or Defer Ruling on Summary Judgment.

---

[9] Notably, Plaintiff did not make any corrections or changes to the deposition transcript.

10

**Respectfully Submitted,**

**BRANDEIS UNIVERSITY,**
By its attorneys,

/s/ Scott A. Roberts
Scott A. Roberts (BBO No. 550732)
    sroberts@hrwlawyers.com
Arielle B. Kristan (BBO No. 677048)
    akristan@hrwlawyers.com
Samuel R. Gates (BBO No. 684907)
    sgates@hrwlawyers.com
HIRSCH ROBERTS WEINSTEIN LLP
24 Federal Street, 12th Floor
Boston, Massachusetts 02110
(617) 348-4300

Dated: December 30, 2020

## CERTIFICATE OF SERVICE

I, Scott A Roberts, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 30, 2020.

/s/ Scott A. Roberts
Scott A. Roberts (BBO No. 550732)